543 A.2d 583

**Carol BURR, Appellee,**

**v.**

**Darrell CALLWOOD and Cheryl Callwood, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1988.

Filed June 13, 1988.

Patrick J. Shannon, Pittsburgh, for appellants.

Deborah L. Lesko, Bethel Park, for appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

KELLY, Judge:

In this landlord/tenant action, the defendants, Darrell and Cheryl Callwood ("Tenants") appeal an order granting summary judgment in favor of the plaintiff, Carol Burr ("Landlord"). The issue presented is whether a defendant who files a counterclaim in a district justice action properly

preserves the issues raised in the counterclaim where he files an appeal to the court of common pleas from only the adverse judgment rendered against him on the complaint filed by the plaintiff. We find that in order to preserve the issues raised in the counterclaim, the defendant must file an appeal from the adverse judgment entered *on the counterclaim.* Here, the defendant filed a notice of appeal from the adverse judgment entered on the claim of plaintiff against defendant, but failed to file a notice of appeal from the adverse judgment entered on the counterclaim. The trial court therefore properly concluded that, on appeal to the court of common pleas, defendant was precluded from raising the issues previously raised in the counterclaim. Accordingly, we affirm.

On January 15, 1987, Landlord filed a district justice complaint against Tenants, seeking to recover rents allegedly due under a residential lease agreement and possession of the property. On January 20, 1987, Tenants filed a district justice complaint against Landlord, seeking $2,000.00 plus costs; the complaint stated that "[p]laintiff [Tenant] is suing for breach of implied warranty of inhabitability [sic] and intentional infliction of emotional distress." On February 10, 1987, following a hearing, the district justice entered two separate judgments. On the claim brought by Landlord against Tenants, the district justice entered judgment in Landlord's favor for $1,168.50. On the claim brought by Tenants against Landlord, the district justice entered judgment in favor of Landlord and against Tenants. A standard notice appeared on each judgment notification, informing the parties that any appeal must be filed within 30 days.

Tenants filed a timely appeal to the Allegheny County Court of Common Pleas, with rule upon Landlord to file a complaint, from the judgment entered on the claim of Landlord against Tenants. Tenants at no time appealed the adverse judgment entered on their claim against Landlord. In response to the rule to file complaint, Landlord filed a complaint, again seeking the rent and late payment charges

allegedly due under the lease agreement. Tenants filed an answer; the sole defense asserted was that Landlord was not entitled to payment of rent because Landlord had breached the implied warranty of habitability. In a counterclaim, Tenants sought return of double the security deposit, in accordance with 68 P.S. § 250.512.[1]

On May 18, 1987, Landlord filed a motion for summary judgment on the complaint and the counterclaim. The motion alleged that Tenants were collaterally estopped from presenting a breach of implied warranty of habitability claim, since the issue was previously determined in Landlord's favor in the claim of Tenants against Landlord, and Tenants had not appealed that determination. Since the sole defense alleged for non-payment of rent was a breach of the implied warranty of habitability, Landlord claimed she was entitled to judgment on the claim for rent as a matter of law. As for the counterclaim, Landlord alleged she was entitled as a matter of law to retain the Tenants' security deposit in light of Tenants' admitted non-payment of rent. By order dated June 16, 1987, the trial court granted the motion for summary judgment on the complaint and the counterclaim. This appeal by Tenants followed.

On appeal, Tenants allege that (1) the trial court erred in granting summary judgment on the Landlord's claim, since Tenants' appeal from the district justice level entitled Tenants to relitigate all issues *de novo* in the court of common pleas; (2) the trial court erred in granting summary judgment in favor of Landlord on Tenants' claim for return of the amount equal to double the security deposit, since Tenants had a possibly meritorious defense for the failure to pay rent—breach of the implied warranty of habitability.

## I.

Tenants first challenge the order granting summary judgment in favor of Landlord on the underlying claim of

1. Section 512 of the Landlord Tenant Act entitles Tenants to an amount equal to double the security deposit where Landlord fails to return the security deposit or provide written notice of damages to the premises within 30 days after Tenants have vacated the premises.

Landlord for the overdue rent. Appellant's brief presents two arguments on this issue which we shall address separately.

## A.

In granting Landlord's motion for summary judgment on the underlying claim, the trial court reasoned that the doctrine of collateral estoppel applied to prevent Tenants from asserting their sole defense to non-payment of the rent, the claim that Landlord had breached the implied warranty of habitability. Under the doctrine of collateral estoppel, the determination of a fact in a prior action is deemed conclusive between the parties in a subsequent action even though the cause of action is different, where the fact was actually litigated in the prior action, was essential to the judgment in the prior action, and was determined by a valid and final judgment. *Oaklane Shopping Center v. Flame*, 264 Pa.Super. 9, 398 A.2d 721 (1979). In the instant case, the trial court noted that the Tenants' counterclaim in the district justice action had asserted breach of implied warranty of habitability; the district justice had entered judgment in favor of Landlord on the counterclaim, and this judgment had not been appealed. Thus, the trial court concluded that Tenants were precluded from again asserting the claim of breach of implied warranty of habitability.

On appeal to this Court, Tenants argue that their counterclaim before the district justice was "for damages for intentional infliction of emotional distress resulting from Landlord's breach of implied warranty of habitability." (Appellant's Brief at 10). Tenants assert that the district justice may have denied their counterclaim for failure to prove all the elements of intentional infliction of emotional distress rather than a failure to prove the elements of breach of implied warranty of habitability. Tenants assert that the issue of the breach of implied warranty of habitability was not necessarily *actually litigated* in the district

justice action, and therefore the doctrine of collateral estoppel does not apply. We disagree.

■ Examination of Tenants' complaint filed in the district justice action reveals that Tenants asserted they were entitled to damages on two separate and independent causes of action: intentional infliction of emotional distress *and* a breach of the implied warranty of habitability.[2] The district justice entered judgment in favor of Landlord on the complaint filed by Tenants, thus rejecting *both* the claim of intentional infliction of emotional distress *and* breach of the implied warranty of habitability. The issue of the alleged breach of the implied warranty of habitability was therefore actually litigated in the district justice action. We therefore reject appellants' first argument.

### B.

In their second challenge to the order granting judgment in favor of Landlord on the underlying complaint, Tenants allege that they preserved all issues raised at the district justice level by filing an appeal from the judgment entered on the Landlord's complaint. According to Tenants, the mere fact that a counterclaim asserted in a district justice action must be included on a separate complaint form does not result in the counterclaim becoming a separate action from the underlying claim. Moreover, Tenants compare the situation to an arbitration case, and they point out that a counterclaimant in a common pleas arbitration case needs only to appeal the adverse result entered on the underlying claim in order to preserve the issues raised on the counterclaim. Again, we reject appellants' contentions.

■ Preliminarily, we note that appellants' district justice/arbitration analogy ignores several formal yet significant differences between a counterclaim presented at the

2. A breach of the implied warranty of habitability may serve as the basis for a complaint by tenant, as well as an affirmative defense to a landlord's suit for rent or possession. *Kuriger v. Cramer,* 345 Pa.Super. 595, 498 A.2d 1331 (1985); *see also Fair v. Negley,* 257 Pa.Super. 50, 390 A.2d 240 (1978). Under either scenario, the Tenant holds the burden of proof.

district justice level and one presented at the arbitration level in the court of common pleas. At the district justice level, the rules[3] require the filing of a separate complaint form, while the counterclaim at the arbitration level may be included with the answer and new matter to the underlying claim. Further, the decisions on the claims at the district justice level are entered upon two separate judgment forms, while the arbitration panel enters but one judgment, disposing of both the claim and the counterclaim.

More importantly, the rules of procedure regulating appeals from district justices clearly treat the decisions entered at the district justice level as separate judgments, and require the counterclaimant at the district justice level to appeal the adverse judgment entered on the counterclaim in order to preserve the issues raised in the counterclaim for appeal. Pa.R.D.J. No. 1004(C) sets forth the procedure to be followed for appeals from the district justice:

**Rule 1004. Filing Complaint or Praecipe on Appeal; Appeals involving Cross–Complaints**

A. *If the appellant was the claimant* in the action before the district justice, *he shall file a complaint within twenty (20) days after filing his notice of appeal.*

B. If the appellant was the defendant in the action before the district justice, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros.

C. *When judgments have been rendered on complaints of both the appellant and the appellee* and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within thirty (30) days after the

3. *See* Pa.R.D.J. 315 A.

date on which the appellant served a copy of his notice of appeal upon the appellee.

(Emphasis added).

The rule clearly treats the judgments entered on the two cross-complaints as separate judgments; the rule requires any party who wishes to challenge an adverse judgment to appeal that judgment. The rule makes no mention of any circumstances where a separate notice of appeal is not required. A party who wishes to challenge the findings made in reaching the adverse judgment must file a notice of appeal from that judgment.[4]

Here, the appellants were counterclaimants in the action before the district justice. They failed to file a notice of appeal from the adverse judgment entered on their claim. Thus, they failed to preserve that claim for appeal, and the judgment became final. The trial court properly determined that the appellants were bound by the issues necessarily determined in reaching the final judgment. Under the principle of collateral estoppel, Tenants were precluded from raising the issue of the breach of implied warranty of habitability.

## II.

Tenants also challenge the award of summary judgment in favor of Landlord on the Tenants' counterclaim made at the district justice level, which requested return of an amount equal to double the security deposit. Appellants contend that because the Landlord breached the implied warranty of habitability, Tenants were justified in withholding the rent such that a non-payment of rent did not occur, and Tenants were entitled to return of the security deposit. As we determined in Section I, *supra*, however, because Tenants failed to appeal the adverse judgment, they are

4. Of course, *once the parties have properly appealed,* the procedure on appeal is conducted *de novo,* and "[t]he action upon appeal shall not be limited with respect to amount in controversy, joinder of cause of action or parties, counterclaims, added or changed averments or otherwise because of the particulars of the action before the district justice." Pa.R.D.J. 1007(B).

precluded from raising the breach of implied warranty of habitability issue. As this was the only defense raised for the non-payment of rent, Tenants are not entitled to return of the security deposit. The trial court properly entered summary judgment in favor of Landlord on the counter-claim.

## CONCLUSION

Accordingly, the judgment entered in favor of appellee is affirmed.

Judgment AFFIRMED.