## Olczak v. Miller

*Brian Michael Martin,* for plaintiff.
*Lori Ann Miller,* in propria persona.

WETTICK, *A.J.,* November 27, 1989 — On May 25, 1989, plaintiff, James P. Olczak, filed a complaint with District Justice Donald H. Presutti at TA 247-89 to recover the value of a ring which he allegedly gave to defendant, Lori Ann Miller, in contemplation of a marriage that never took place. On June 9, 1989, Miller filed a complaint with the same district justice at the same number to recover the value of various items of personal property in Olczak's possession that allegedly belong to Miller.

On June 16, 1989, the district justice entered a judgment for Miller on Olczak's claim against Miller and a judgment for Olczak on Miller's claim against Olczak. He mailed two notices of judgment to the parties. The first notice, which identified Olczak as plaintiff and Miller as defendant, stated that the judgment had been entered for the defendant on June 16, 1989 at TA 247-89. The second notice, which identified Miller as plaintiff and Olczak as defendant, stated that a judgment had been entered for defendant on June 16, 1989 at TA 247-89.

On July 11, 1989, Olczak filed a notice of appeal which stated that an appeal had been taken from the June 16, 1989 judgment at TA 247-89 entered by District Justice Presutti. This notice of appeal identified Olczak as plaintiff and Miller as defen-

dant. This was the only notice of appeal filed by either party from the district justice proceedings.

On July 12, 1989, Olczak filed his complaint in which he sought to recover damages for the value of the ring. Miller filed an answer and counterclaim. In her counterclaim, she sought to recover the value of the items that were the subject of the complaint that she had filed in the district justice proceedings.

Olczak has filed preliminary objections to Miller's counterclaim which are the subject of this opinion and order of court. These preliminary objections seek to strike the counterclaim because of Miller's failure to file a notice of appeal from the judgment entered against her by the district justice on her complaint against Olczak.[1]

The law is clear that the defense of res judicata may be based upon a final judgment entered by a district justice. *Burr v. Callwood,* 374 Pa. Super. 502, 543 A.2d 583 (1988); *Penn Plaza Shopping Center Inc. v. Castellano,* 134 Pitts. Leg. J. 74 (1985). Consequently, Miller is barred from relitigating her claim in these proceedings unless the appeal filed by Olczak operated as an appeal from both judgments entered by the district justice at TA 247-89.

Pa.R.C.P.D.J. 1004(C) sets forth the procedure to be followed for appeals from district justice proceedings involving cross-complaints:

---

1. It would appear that the issue of whether Miller is barred from raising her claim in these proceedings as a result of her failure to file a separate notice of appeal should have been raised through an answer to the counterclaim raising the defense of res judicata. However, Miller has not objected to this issue being addressed through these preliminary objections. Consequently, we will address the merits of Olczak's claim that Miller is barred from raising a claim for the value of these items in these proceedings because of her failure to file a notice of appeal from the district justice's judgment that decided this claim against her.

"When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within 30 days after the date on which the appellant served a copy of his notice of appeal upon the appellee."

This rule permits a party to appeal only from the judgment on that party's complaint. If a party does so, this rule permits the other party to appeal from the judgment on that party's complaint within 30 days after service of the copy of the notice of appeal.

In the present case, Olczak's notice of appeal makes it clear that he appealed only from the judgment on his complaint. Thus, Miller was required to file an appeal from the judgment on her complaint if she was dissatisfied with this judgment.

Her filing of the counterclaim (even if it occurred within 30 days from the date upon which Olczak served a copy of his notice of appeal upon her) does not serve as an appeal from the judgment entered against her on her complaint. In *Burr v. Callwood, supra,* the Pennsylvania Superior Court held that a separate notice of appeal was required.

"The rule [rule 1004(C)] clearly treats the judgments entered on the two cross-complaints as separate judgments; the rule requires any party who wishes to challenge an adverse judgment to appeal that judgment. The rule makes no mention of any circumstances where a separate notice of appeal is not required. A party who wishes to challenge the

finding made in reaching the adverse judgment must file a notice of appeal from that judgment." *Burr, supra.* (footnote omitted)

This court's holding that Olczak's notice of appeal did not serve as an appeal from the judgment entered in Olczak's favor in the district justice proceeding on Miller's claim against Olczak is not inconsistent with this court's recent opinion in *Mead v. Conti*, Arbitration no. 10141 of 1988 (C.P. of Allegheny County, June 26, 1989). In that case, the appellant was the losing party in both complaints. The district justice ruled against the appellant in the complaint that the appellant filed against the appellee and entered a money judgment in favor of the appellee in the complaint that the appellee filed against the appellant. We held that where two unfavorable judgments against the same party were entered at the same docket number, a single notice of appeal filed by that party served as an appeal from both judgments. We ruled in this fashion because the notice of appeal form did not give the appellant the option of identifying himself or herself as both the plaintiff and the defendant and rule 1002 does not provide for the filing of multiple notices of appeal by the same party.[2]

At the time we rendered our opinion, we did not consider the Superior Court's opinion on this issue in *Burr v. Callwood, supra.* In that case, it appears that the appellants argued that they preserved all issues raised in the district justice proceedings by filing an appeal from the judgment entered on the appellee's complaint against the appellants. But

2. Rule 1004(C) does not address the situation in which a party wishes to appeal from more than one unfavorable judgment entered by a district justice at the same docket number. While it recognizes that a party may appeal from the judgment on both complaints, it does not set forth the procedure for doing so.

they never claimed that this notice of appeal was also intended to serve as a notice of appeal from the judgment entered on their complaint against the appellees. In fact, they never even raised this claim as a counterclaim. Consequently, the Pennsylvania Superior Court in *Burr v. Callwood* decided the issues in the context of a notice of appeal which the appellants characterized as an appeal from only the adverse judgment rendered against the appellants on the complaint filed by the appellee.

While we believe that our ruling in *Mead v. Conti* is consistent with *Burr v. Callwood*, a party who is dissatisfied with a district justice's rulings on his or her complaint and on the other party's complaint would be well advised to file two notices of appeal to avoid litigating in the appellate courts the issue of whether or not *Mead v. Conti* is consistent with *Burr v. Callwood*.

## ORDER OF COURT

On this November 27, 1989, it is hereby ordered that plaintiff's preliminary objections to defendant's counterclaim are sustained and this counterclaim is dismissed.