## Bechard v. Reichart

*Louis J. Stack,* for plaintiffs.
*Joseph F. Kulwicki III,* for defendants.

MILLER, *J.*, July 31, 1990 — Must defendants who file a cross-claim in an action originally brought by plaintiffs before a district justice indicate that they are appealing both cases in order to preserve the right to raise the counterclaim in common pleas court?

## DISCUSSION

Plaintiffs were the tenants of defendants under a written lease for residential property. Plaintiffs moved out, and asked for, but never received back, their security deposit. They filed suit before a district justice asking for judgment against defendants, the landlords, in the amount of the security deposit. We assume the theory was a breach of contract theory for failure to return the security deposit.

Defendants, believing that plaintiffs had done damage to the property, filed their own claim under Pa.R.C.P.D.J. 315. The district justice, as was required by the rules, held a hearing on both complaints at the same time. He then entered a judgment, in writing, on a single piece of paper, but with paragraphs. He first entered judgment in favor of plaintiffs in the amount of the security deposit. In the next paragraph he entered judgment on the counterclaim in favor of defendants in a small amount.[1]

The district justice then went on and deducted from plaintiffs' judgment, the larger of the two judgments, the amount of the judgment on defendants' counterclaim, to arrive at "a net judgment" for plaintiffs.

---

1. We do not have the original papers so we do not know the exact amount of defendants' counterclaim. If the same counterclaim now being made before us was made before the district justice then defendants did not receive much of the counterclaim they made.

Defendants then filed an appeal but captioned the case in the names of the original plaintiffs against the original defendants. They did not include a caption of their claim. The appeal to this court was taken properly and timely.

Plaintiffs filed a complaint with the prothonotary in the amount of the security deposit. Defendants filed an answer containing their counterclaim. Plaintiffs filed preliminary objections in the nature of a demurrer alleging that defendants failed to appeal the judgment entered on their counterclaim and asking that the counterclaim be stricken.

We do not think a demurrer is a proper way to raise this issue. We think plaintiff's objection is in the nature of res judicata and should be raised by a motion for summary judgment. Nonetheless, in order to resolve this matter without additional proceedings we will dispose of this matter on the merits.

In *Burr v. Callwood,* 374 Pa. Super. 502, 543 A.2d 583 (1988), landlords filed a suit before a district justice to recover rents and possession. The tenants filed a complaint against the landlord seeking damages for breach of implied warranty of habitability and intentional infliction of emotional distress. A single hearing was held but two separate judgments were entered. In the landlord's initial complaint a money judgment was entered in favor of the landlord. On the claim brought by the tenants there was no money judgment, for the district justice found in favor of the landlords, the defendants, on the counterclaim. Two separate judgments were entered and a standard notice was sent on each judgment informing the parties that they had a right of appeal.[2]

---

2. In our case only one notice was sent covering both claims.

The tenants filed an appeal on the initial complaint of the landlords against them. At no time did they appeal the adverse judgment entered on their claim against the landlords. When the suit reached common pleas they then filed a counterclaim for breach of implied warranty of habitability and intentional infliction of emotional distress.

The Superior Court held, in the clearest of language, that:

"[I]n order to preserve the issues raised in the counterclaim, the defendant must file an appeal from the adverse judgment entered *on the counterclaim.*" *Burr, supra.* (emphasis in original)

"More importantly, the rules of procedure regulating appeals from district justices clearly treat the decisions entered at the district justice level as separate judgments, and require the counterclaimant at the district justice level to appeal the adverse judgment entered on the counterclaim in order to preserve the issues raised on the counterclaim for appeal. Pa.R.C.P.D.J. 1004(c). . . ." *Burr, supra.*

"The rule clearly treats the judgments entered on the two cross-complaints as separate judgments; the rule requires any party who wishes to challenge an adverse judgment to appeal that judgment. The rule makes no mention of any circumstances where a separate notice of appeal is not required. A party who wishes to challenge the findings made in reaching the adverse judgment must file a notice of appeal from that judgment.

"Here the appellants were counterclaimants in the action before the district justice. They failed to file a notice of appeal from the adverse judgment entered on their claim. Thus, they failed to preserve that claim for appeal, and the judgment became final." *Burr, supra.*

We respectfully disagree with the Superior Court that the rule treats judgments entered on two cross-complaints as separate judgments. We do not think Pa.R.C.P.D.J. 1004 covers all of the possible situations nor takes into account another rule that seems to be equally applicable.

For instance, Pa.R.C.P.D.J.1004 does not cover a situation where an appellant appeals from the judgment on the *appellee's* complaint much less indicates what happens to the appellant's counterclaim when that happens. Pa.R.C.P.D.J. 1004(c) deals only with when the appellant appeals from the judgment on his own complaint or on both complaints and only then mandates what the appellee shall do. It makes no mention of what the appellant must do, nor the effect on the appellant, of taking or not taking, an appeal from the original complaint, the cross complaint or both complaints.

Against that backdrop of obvious incompleteness we must consider the effect of Pa.R.C.P.D.J. 315(c) which seemingly obligates the district justice to find, where there is a cross-claim, a money judgment for either the plaintiff or the defendant "but not for both." The rule then obligates the magistrate to deduct the lesser judgment from the greater judgment and that becomes the money judgment for one of the parties.

Therefore, we do not think *Burr v. Callwood, supra,* covers all possible situations nor does it dispose of the effect of Pa.R.C.P.D.J. 315(c) when read with Pa.R.C.P.D.J. 1004.

Here the district magistrate followed Pa.R.C.P. D.J. 315 and entered judgment in favor of plaintiffs against defendants for the net difference between the respective amounts he found were due and owing.

## ORDER

And now, July 31, 1990, plaintiffs' preliminary objections in the nature of a demurrer are dismissed. Plaintiffs shall file a reply to defendants' counterclaim within 20 days from the date of this order.