611 A.2d 1304

**DOWNINGTOWN COMMONS CONDOMINIUM ASSOCIATION**

v.

**Amrit LAL, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1992.
Filed July 14, 1992.
Reargument Denied Sept. 17, 1992.

Thomas R. Kellogg, Blue Bell, for appellant.  (Submitted)
Holly L. Seltzler, West Chester, for appellee.

Before BECK, JOHNSON and HUDOCK, JJ.

JOHNSON, Judge:

█  The Honorable Leonard Sugerman sustained the preliminary objections in the nature of a motion to strike an appeal from district justice judgments and ordered the appeal of Amrit Lal from those judgments dismissed.  Lal now appeals that dismissal to this court, contending that filing one appeal in the court of common pleas from three distinct judgments rendered by a district justice in three separate *in rem* proceedings is a proper procedure.  We disagree and affirm the order dismissing the appeal.

Downington Commons Condominium Association is a collectivity of unit owners under the Uniform Condominium Act, 68 Pa.C.S. §§ 3101 *et seq.* (1992 Supp.).  The Association commenced three actions to collect unpaid assessments against three separate parcels of real estate owned by Lal.  The district justice court assigned separate numbers to each of the complaints.  After hearing before the district justice, three judgments were issued by the court, at Nos. CV–152–91, CV–154–91, and CV–155–91.

Lal filed one appeal in the Chester County Court of Common Pleas, which appeal was docketed at No. 91–06200. The notice of appeal form contained a rule upon the Association to file a complaint. The Association filed its preliminary objections in the nature of a motion to strike, which motion was granted by Judge Sugerman on September 9, 1991, prompting this appeal.

Lal seeks to argue, in his Summary of Argument, Brief of Appellant, page 2, that this is a case of first impression. We are unable to agree. This case is very similar to the case of *Ockman v. Jackson*, 73 D. & C.2d 298 (1975). In that case, the plaintiff-landlord had taken separate and individual actions against eleven tenants, all members of the Kentwell Hall Tenants Association. After the landlord secured judgment in the Municipal Court, the tenants petitioned the Philadelphia Court of Common Pleas to allow a consolidated appeal, that is, a common appeal by all petitioners, the appeals to be filed under a unitary court term and number and to be consolidated for purposes of a single action. Both the Court Administrator and the common pleas court prothonotary concluded that this was not a proper procedure under the rules of court.

The defendant-tenants then petitioned the court of common pleas for consolidation. In dismissing the rule for consolidation of appeals, the Philadelphia Court of Common Pleas, speaking through the Honorable Paul A. Tranchitella, declared:

This court agrees with [the Court Administrator] and the prothonotary after having reviewed Pa.R.C.P. 213. This rule permits consolidation of actions and issues with respect to the proceedings which have been separately commenced. It is quite possible and probably beneficial to the courts and the parties to have these matters consolidated at a later date for the purpose of trial. However, *it would be improper to merge these actions prior to their institution for fear of each action not being able to maintain its own integrity with respect to the record and the docket entries. As a result of these*

*actions being commenced separately by plaintiff, it is now necessary that they remain separate for purposes of appeal.* The question of consolidation is not being presented here, though it should be anticipated in the future.

*The petitioners should, therefore, proceed to appeal from the judgment in the Municipal Court on an individual basis in accordance with the rules.*

*Ockman v. Jackson, supra* at 299 (emphasis added). *See and compare Burr v. Callwood*, 374 Pa.Super. 502, 509 n. 4, 543 A.2d 583, 587 n. 4 (1988) (citing Pa.R.D.J. 1007(B)).

We do not find the fact that *Ockman* involved an appeal from Municipal Court rather than from a district justice court to detract from its sound reasoning. Both *Ockman* and the case now before us involve a *de novo* appeal to the court of common pleas by multiple defendants against an individual plaintiff who had brought separate complaints against each defendant.

■ Lal argues that his notice of appeal should be deemed a motion for consolidation under Pa.R.C.P. 213 "if there be any doubt as to the propriety of his action." Brief of Appellant, at page 6. We find the analysis by Judge Tranchitella, above, to be a satisfactory answer to that contention. In the alternative, Lal argues that "[a]s the party initiating the action in Common Pleas, which is *de novo* [,] he should be permitted to consolidate the actions under Rule 1020(a), Pa.R.C.P." Id. at page 2. We reject this argument for two reasons.

Rule 1020(a) provides:

(a) The *plaintiff* may state in the complaint more than one cause of action against the same defendant heretofore asserted in assumpsit or trespass. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief. [emphasis added].

Lal is *not* the plaintiff, but rather the party bringing an appeal following judgments for the plaintiff. The actions

are not being "initiated" in the common pleas court, but rather they are being appealed to that court, in a continuing process, albeit with the right in the appealing party to secure a new trial.

Lal further argues that the rules covering appeals from civil judgments of district justices only allow striking an appeal in two instances: failure to comply with Pa. R.C.P.D.J. Nos. 1004 A or 1005 B, citing to Pa.R.C.P.D.J. No. 1006. Rule 1006 sets forth two specific situations wherein an appeal may be stricken for failure to comply with express rules relating to practice within the district justice courts. This, however, in no way detracts from a court's inherent power to strike a pleading which is not in conformity to the rules. Pa.R.C.P. 1028(a)(2) [formerly Rule 1017(b)(2)]. See Pa.R.C.P.D.J. No. 1007 A.

On this appeal, we are limited to determining whether the trial court abused its discretion or committed an error of law when it sustained the preliminary objections in the nature of a motion to strike, where the appealing defendants sought to bring only one appeal from three separate judgments. *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. 513, 594 A.2d 737 (1991). Relying upon Pa. R.C.P.D.J. No. 1002, Judge Sugerman construed the rule as requiring three separate notices of appeal, where the plaintiff had filed three separate complaints and the district justice had issued three separate judgments. After our own careful review of the rules, the cases, and the record certified on this appeal, we cannot say that the trial court committed any error of law or abused its discretion.

We note that neither Lal nor any counsel speaking on his behalf answered the call of this case for oral argument on May 20, 1992.

Order dated September 9, 1991 sustaining preliminary objections and dismissing the appeal at No. 91–06200 in the Court of Common Pleas, Chester County, is AFFIRMED.