## BOROUGH OF DOWNINGTOWN

v.

### Thomas J. WAGNER, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1997.

Decided Nov. 17, 1997.

---

Thomas J. Wagner, West Chester, for appellant.

Nancy C.M. Balliet, West Chester, for appellee.

Before PELLEGRINI and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Thomas J. Wagner appeals from an order of the Court of Common Pleas of Chester County (trial court) granting the Borough of Downington's (borough) petition to strike an appeal by Wagner of the judgment entered by the district justice in the matter of *Borough of Downingtown v. Thomas J. Wagner*, No. CV–299–94. We affirm.

The issues raised in this appeal require this court to construe the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings before District Justices, particularly Pa.R.C.P.D.J. No. 1004. Rule 1004 governs the filing of complaint or praecipe on appeal and appeals involving cross-complaints. Rule 1004 provides as follows:

A. If the appellant was the claimant in the action before the district justice, he shall file a complaint within twenty (20) days after filing his notice of appeal.

**B.** If the appellant was the defendant in the action before the district justice, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros.

**C.** When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within thirty (30) days after the date on which the appellant served a copy of his notice of appeal upon the appellee.

## I. FACTS

On July 21, 1994, the borough filed a complaint against Wagner with the district court for unpaid sewer and refuse charges and for late fees and penalties related thereto.[1] The complaint was docketed at No. CV–299–94.

On August 19, 1994, Wagner filed a cross-complaint against the borough alleging that the borough's collection for late fees and penalties was not authorized by an enabling statute and was usurious and unconstitutional. Wagner sought damages against the borough for past late charges and penalties assessed and paid by Wagner in the amount of $80.77. Wagner's cross-complaint was consolidated with the borough's complaint docketed at No. CV–299–94.

On August 30, 1994, after hearings on both complaints, the district justice entered two separate judgments: one in favor of the borough on its complaint for $58.42 and the

other in favor of the borough and against Wagner on Wagner's cross-complaint.

On September 29, 1994, Wagner filed a single notice of appeal with the trial court. The notice of appeal indicated that Wagner was appealing from both matters before the district justice—*Borough of Downingtown v. Thomas J. Wagner* and *Thomas J. Wagner v. Borough of Downingtown.* The notice of appeal did not contain a praecipe to enter rule upon the borough to file a complaint. Wagner's appeal was docketed with the prothonotary and Wagner paid the $55.25 fee for filing a single notice of appeal.

On October 19, 1994, Wagner filed a complaint with the trial court which was based on his cross-complaint filed with the district court. Wagner also requested that the prothonotary issue a rule to file a counterclaim upon the borough which the prothonotary refused to issue. On November 9, 1994, the borough filed an answer to Wagner's complaint.

On February 1, 1996, the borough filed a petition to strike an appeal. Therein, the borough requested the trial court to strike the appeal of judgment entered by the district justice in the matter of *Borough of Downingtown v. Thomas J. Wagner* with a rule returnable February 21, 1996.[2] Wagner responded by filing a counter-petition to issue a rule upon the borough to file a counterclaim which alleged that the prothonotary erred by refusing to issue the rule pursuant to the praecipe proffered by Wagner on October 19, 1994.

The issue presented by the borough's petition to strike was whether Wagner had properly appealed the judgment entered against him by the district justice in the matter of *Borough of Downingtown v. Thomas J. Wagner.* After reviewing Pa.R.C.P.D.J. No. 1004, the trial court concluded that Wagner did not properly appeal. The trial court held that the proper procedure, where separate

---

**1.** The total amount in controversy in this matter is the sum of $58.42 ($21.12 plus costs in the amount of $37.30).

**2.** Previously, on November 9, 1994, the borough filed a praecipe to strike the appeal of Wagner from the judgment entered by the district justice in the matter of *Borough of Downingtown v.*

*Thomas J. Wagner* based on Wagner's failure to file a separate notice of appeal. Wagner filed an answer to the praecipe alleging therein that the prothonotary had no authority to strike the appeal. On November 10, 1994, the borough withdrew the praecipe to strike the appeal from consideration by the trial court.

judgments have been entered by the district justice in favor of the plaintiff on the plaintiff's complaint and the defendant's cross-complaint, would be separate appeals by the defendant, one of which must include a rule upon the plaintiff/appellee to file a complaint within twenty days. The trial court stated that "as Wagner failed to file a separate notice of appeal in the matter of *Borough of Downingtown v. Thomas J. Wagner*, his attempt to appeal the judgment by adding it to the same notice of appeal of *Thomas J. Wagner v. Borough of Downingtown* is without merit." Trial Court Opinion at p. 5.

Accordingly, the trial court granted the borough's petition to strike an appeal and struck Wagner's appeal of the judgment entered by the district justice in the matter of *Borough of Downingtown v. Thomas J. Wagner.* This appeal followed.

## II. ISSUES

On appeal herein, Wagner raises the following issues for this court's review:

1. Whether the trial court erred in striking Wagner's appeal from the judgment entered by the district justice in the borough's claim against Wagner;

2. Whether the Pennsylvania Rules of Civil Procedure governing district justices require two separate notices of appeal where an appellant is appealing the judgment entered on both the claim and the counterclaim; and

3. Whether the trial court should have disregarded any error or defect in the procedure since any purported defects did not affect the substantial rights of the parties.

We will address the first two issues simultaneously.

## III. DISCUSSION

■ Initially, we note that this court's scope of review is whether the trial court abused its discretion when it granted the borough's petition to strike an appeal. *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 658 A.2d 341 (1995). An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness or partiality, prejudice, bias, or ill will or such lack of support as to be clearly erroneous. *Id.*

According to Wagner's construction of the rules, the trial court erred in its decision to strike Wagner's appeal of the borough's claim for failure to file two separate notices of appeal since there is no requirement under the rules to file two separate notices of appeal. Wagner contends that Pa.R.C.P.D.J. No. 315(C) requires a district justice to enter a single judgment, either for the plaintiff or defendant, but not for both the lesser amount being deducted from the greater amount.[3] Under such a situation, Wagner argues, either the plaintiff or defendant may appeal under Rule 1004(C) either his own complaint or both complaints. Wagner argues that Rule 1004(C) does not require directly or indirectly separate notices of appeal to accomplish an appeal of both judgments.

Herein, Wagner states, he filed, as appellant, a notice of appeal on the prescribed form under Pa.R.C.P.D.J. No. 1002[4] appealing the judgment on both complaints. The only requirement, Wagner contends, is stated in Rule 1002 that the notice of appeal be filed within thirty days of the judgment and be on the prescribed form. Wagner points out that the borough, as appellee, has filed no notice of appeal nor did the borough file a counterclaim to Wagner's timely filed complaint.

■ Wagner's arguments on appeal herein are clearly flawed. First, Rule 315(c) does

---

3. Rule 315 governs a claim by a defendant. Rule 315(C) provides as follows:

    C. A money judgment for the plaintiff or for the defendant, but not for both, may be entered with respect to such cross-complaints, any lesser amount found due on the claim asserted in one being deducted from the greater amount found due on the claim asserted in the other.

4. Rule 1002 provides that the method of appeal from a judgment entered by a district justice is by filing with the prothonotary a notice of appeal on a form to be prescribed by the State Court Administrator.

not mandate that a district justice enter a single judgment when there is a complaint and a cross-complaint. The language of Rule 315(C) is clearly directory not mandatory in that the rule utilizes the term "may" not "shall." Moreover, no money judgment was entered in favor of Wagner which would have permitted the district justice to utilize the provision of Rule 315(C).

■ Second, contrary to Wagner's assertion, he was required to file two separate notices of appeal. On this point, we find the Superior Court's decision in *Burr v. Callwood*, 374 Pa. Superior Ct. 502, 543 A.2d 583, *petition for allowance of appeal denied*, 520 Pa. 594, 552 A.2d 249 (1988) instructive. Therein, a landlord filed a complaint against the tenants. Subsequently, the tenants filed a counterclaim against the landlord. The district justice entered two separate judgments. On the claim brought by the landlord against the tenants, the district justice entered judgment in favor of the landlord for $1,168.50. On the counterclaim brought by the tenants, the district justice entered judgment in favor of the landlord and against the tenants.

The tenants timely appealed to the trial court, with a rule upon the landlord to file a complaint, for the judgment entered on the claim of the landlord against the tenants. The tenants did not appeal the adverse judgment entered on their claim against the landlord. As a result, the landlord filed a motion for summary judgment which was granted by the trial court.

On appeal to the Superior Court, the issue presented was whether a defendant who files a counterclaim in a district justice action properly preserves the issues raised in the counterclaim where he files an appeal to the trial court from only the adverse judgment rendered against him on the complaint filed by the plaintiff. In resolving this issue, the Superior Court reviewed the provisions of Rule 1004 and stated as follows:

[T]he rules of procedure regulating appeals from district justices clearly treat the decisions entered at the district justice level as separate judgments, and require the counterclaimant at the district justice level to appeal the adverse judgment entered on the counterclaim in order to preserve the issues raised in the counterclaim for appeal.

\* \* \*

The rule clearly treats the judgments entered on the two cross-complaints as separate judgments; the rule requires any party who wishes to challenge an adverse judgment to appeal that judgment. The rule makes no mention of any circumstances where a separate notice of appeal is not required. A party who wishes to challenge the findings made in reaching the adverse judgment must file a notice of appeal from that judgment.

*Burr*, 374 Pa. Superior Ct. at 508–09, 543 A.2d at 586–87 (footnote omitted).

While the factual situation is reversed in the instant case, we conclude, based on *Burr* and the plain language of Rule 1004, that Wagner was required to file two separate notices of appeal if he wished to appeal from the adverse judgments entered against him on the borough's complaint and his counterclaim. Rule 1004 clearly sets forth the procedures to be followed when a party has properly appealed pursuant to Rule 1002.

With respect to the adverse judgment entered by the district justice on his counterclaim, Wagner properly filed a notice of appeal pursuant to Rule 1002(a) and filed his complaint within twenty days as required by Rule 1004(A). Because Wagner was the defendant in the matter of *Borough of Downingtown v. Thomas J. Wagner*, he should have filed, pursuant to Rule 1004(B), with his notice of appeal from that judgment a praecipe requesting the prothonotary to enter a rule as of course upon the borough, as appellee, to file a complaint within twenty days.[5] Pa.R.C.P.D.J. No. 1004(B).

■ Contrary to Wagner's contentions, because Wagner only appealed from the adverse judgment entered on his counterclaim,

---

5. We note that the form that Wagner utilized to file his notice of appeal contained a section wherein Wagner could have filed a praecipe for the prothonotary to enter a rule for the borough to file a complaint in accordance with Pa. R.C.P.D.J. No. 1004(B).

there was no obligation on the part of the borough to reassert its claim as a counterclaim pursuant to Rule 1004(C) as the judgment entered in its favor was final. If Wagner had first properly appealed the judgment entered on the borough's complaint, then the provisions of Rule 1004(C) would have bestowed upon the borough, as appellee, the option of proceeding under subsection C and asserting its claim by counterclaim to Wagner's complaint, if cognizable, or by filing a separate complaint within twenty days. *See* Pa.R.C.P.D.J. No. 1004, Explanatory Note (If the appellee can and intends to avail himself of the procedure permitted by subdivision C, he need not obey any rule to file a complaint served upon him under subdivision B). The borough was under no obligation pursuant to Rule 1004(C) to file a complaint or counterclaim absent a proper appeal by Wagner pursuant to Rule 1004(B).

If this court were to adopt Wagner's interpretation of the Rules of Civil Procedure Governing Actions and Proceedings before District Justices, the result would be an abrogation of subsections A and B of Rule 1004. Accordingly, we reject Wagner's arguments that he was not required to file two separate notices of appeal.

■ Finally, Wagner contends that the trial court should have disregarded any error or defect in the procedure since any purported defects did not affect the substantial rights of the parties. We disagree.

Rule 126 of the Pennsylvania Rules of Civil Procedure allows a court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. No. 126. As pointed out by our Supreme Court in *Paden*, a trial court's refusal to apply Rule 126 may not be overturned absent an abuse of discretion. *Paden*, 540 Pa. at 414, 658 A.2d at 344.

Herein, we do not believe that the trial court's refusal to apply Rule 126 was an abuse of discretion. As stated by the Supreme Court in *Paden:*

> Though Rule 126 would have permitted the trial court to overlook the procedural errors ... it is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect on the party violating the rules; the rules are essential in order to insure the orderly and equal administration of justice and it is within the discretion of a trial court to require compliance.

*Id.*

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 17th day of November, 1997, the order of the Court of Common Pleas of Chester County, dated November 1, 1996, at No. 94–08532, is affirmed.

LEADBETTER, J., did not participate in the decision in this case.