## Seubert & Associates Inc. v. Tiani

C.P. of Allegheny County, no. AR99-7673.

*Peter H. Thomson,* for plaintiff.
*Wendy L. Williams,* for defendant.

WETTICK, *J.,* April 27, 2000—Defendant's motion to strike complaint is the subject of this opinion and order of court. The issue raised through this motion is whether the provisions of Pa.R.C.P. 237.1-237.6 are part of the procedure for striking an appeal from a district justice judgment taken by a plaintiff who fails to file a complaint.

Plaintiff instituted this lawsuit against defendant by filing a complaint with District Justice Donald H. Presutti. On November 16, 1999, a judgment was entered in plaintiff's favor and against defendant in the amount of $1,155.

Plaintiff was apparently not satisfied with the amount of the judgment. Consequently, on December 15, 1999, plaintiff filed a notice of appeal. However, plaintiff did

not file a complaint. On January 18, 2000, the appeal was stricken pursuant to a praecipe filed by defendant to strike appeal from a district justice judgment pursuant to Pa.R.C.P.D.J. 1006. On January 26, 2000, plaintiff filed its complaint. Shortly thereafter, defendant filed the motion to strike complaint that is the subject of this litigation.

Obviously, the complaint must be stricken unless the appeal is reinstated. Thus, the issue that the parties are addressing is whether the law permitted the prothonotary to strike the appeal. I will be addressing this issue through defendant's motion to strike complaint.

Defendant's contention that the prothonotary properly struck the appeal is based on Pa.R.C.P.D.J. 1004A which provides that an appellant who is the claimant in an action before the district justice shall file a complaint within 20 days after filing the notice of appeal, and on Pa.R.C.P.D.J. 1006, the first sentence of which reads as follows:

"Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record."

Defendant did not furnish to plaintiff any written notice of his intention to strike the appeal prior to the filing of the praecipe. Plaintiff relies on Pa.R.C.P. 237.1(a)(2), which reads in relevant part as follows:

"No judgment of non pros for failure to file a complaint . . . shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

"(i) in the case of a judgment of non pros, after the failure to file a complaint and at least 10 days prior to

the date of the filing of the praecipe to the party's attorney of record or to the party if unrepresented . . . ."

In the present case, plaintiff filed its complaint within 10 days after the appeal was stricken. Consequently, plaintiff also relies on Pa.R.C.P. 237.3(b), which provides that a court shall open a judgment of non pros entered pursuant to Pa.R.C.P. 237.1 if a petition to open this judgment is filed within 10 days, so long as a complaint that states a meritorious cause of action is attached to this petition.

In support of its position that Rules 237.1(2)(i) and 237.3 are part of the procedure governing the striking of a plaintiff's appeal for failure to file a complaint, plaintiff relies on the note to Rule 237.1(a)(1) which reads as follows:

"When a defendant appeals from a judgment entered in a district justice court, Pa.R.C.P.D.J. 1004(b) authorizes the appellant to file a praecipe for a rule as of course upon the appellee to file a complaint or suffer entry of a judgment of non pros. The entry of the judgment of non pros is governed by Pa.R.C.P. 1037(a) and is subject to this rule."

However, this note refers only to an appeal from a district justice judgment filed by defendant.

Under Pa.R.C.P.D.J. 1004B, the notice of appeal from a district justice judgment which the defendant files includes a rule directing the plaintiff to file a complaint within 20 days after service of the rule or suffer entry of a judgment of non pros. Nothing within the Rules of Civil Procedure governing actions and proceedings before district justices refers to any relief to which a defendant is entitled in the event that a complaint is not filed within 20 days. This, instead, is governed by the Rules of Civil Procedure governing proceedings in the common pleas

court and case law governing the entry of a judgment of non pros by a common pleas court. It is clear from the note to Rule 237.1 that the entry of a judgment of non pros against the plaintiff and in favor of a defendant who has filed an appeal from a district justice judgment is governed by the same rules that govern the entry of a judgment of non pros against the plaintiff who instituted an action in the common pleas court through the filing of a praecipe for a writ of summons. Thus, where the defendant filed the appeal, a judgment of non pros may not be entered against the plaintiff without the 10-day notice of the intention to obtain a judgment of non pros. Furthermore, a judgment of non pros may be opened pursuant to Rule 237.3 through the filing of a petition within 10 days after the entry of the judgment so long as a complaint stating a meritorious claim is attached to the petition.

Plaintiff contends that the same procedures should apply where the notice of appeal is filed by the plaintiff. Plaintiff argues that even though the note to Rule 237.1(a)(1) refers only to a defendant who appeals from a judgment entered by a district justice court, there is no reason for restricting the note in this fashion.

I reject this argument because plaintiff's problem is not with an overly restrictive note—it is with Rules 237.1-237.6, which govern only the entry of judgments of non pros and judgments by default. The present case does not involve the entry of either a judgment of non pros or a judgment by default. The relief that defendant obtained was not based on any Rules of Civil Procedure governing common pleas court proceedings or case law governing the entry of a judgment of non pros. The relief, instead, was based on a Rule of Civil Procedure govern-

ing district justice proceedings which provides for the striking of the appeal.

The striking of an appeal for failure to file a complaint cannot be equated with the entry of a judgment of non pros for failure to file a complaint. When an appeal is stricken, the district justice judgment becomes a final judgment based on the merits of the parties' claims and defenses. Consequently, the doctrines of res judicata and collateral estoppel bar any further litigation involving the subject matter of the lawsuit. *Burr v. Callwood,* 374 Pa. Super. 502, 543 A.2d 583 (1988). The judgment of non pros for failure to file a complaint, on the other hand, is not a judgment on the merits. Consequently, the case law permits the plaintiff to institute a second lawsuit raising the same claims. *Haefner v. Sprague,* 343 Pa. Super. 342, 494 A.2d 1115 (1985).

In summary, the rules of procedure governing district justice proceedings require the plaintiff who files an appeal to file a complaint within 20 days after the filing of a notice of appeal (Rule 1004A), and it provides the remedy upon failure of the plaintiff to comply: the striking of the appeal which leaves the district justice judgment in full force and effect. These rules are not altered by any of the Rules of Civil Procedure governing common pleas court proceedings, because none of the Rules of Civil Procedure governing common pleas court proceedings address the situation in which a plaintiff who files an appeal from a district justice proceeding fails to comply with Pa.R.C.P.D.J. 1004A.[1]

---

1. I recognize that Pa.R.C.P.D.J. 1006 provides that the court of common pleas may reinstate the appeal upon good cause shown. In the present case, plaintiff has not sought reinstatement on this ground.

## ORDER

On April 27, 2000, it is hereby ordered that defendant's motion to strike complaint is granted.

