769 A.2d 444

**AMERICAN APPLIANCE, Appellee,**

**v.**

**E.W. REAL ESTATE MANAGEMENT, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2000.

Decided April 17, 2001.

Peter William DiGiovanni, Glen Mills, for appellant.

Richard R. Morris, Shippensburg, for appellee.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises issues involving the interpretation of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before District Justices, Pa.R.C.P.D.J. Specifically, we must determine whether Rules 1002 and 1004 are satisfied when a party appeals judgments on a complaint and

cross-complaint by filing a single notice of appeal and attaching both judgments to the notice.[1] The Superior Court held that the rules require two separate notices of appeal. For the following reasons, we reverse and remand to the common pleas court for further proceedings consistent with this opinion.

On February 27, 1997, American Appliance (American) filed a complaint in district justice court against E.W. Real Estate Management, Inc. (E.W.) for breach of contract, seeking to recover payment for various household appliances purchased pursuant to a series of sales contracts entered into in the spring of 1996. On March 26, 1997, E.W. filed a cross-complaint against American, alleging property damage arising from American's improper installation of a washing machine in September of 1995. Both the complaint and cross-complaint were docketed at CV–67–97. As E.W. did not appear at the hearing, the district justice entered two separate default judgments—one in favor of American on its complaint for $3,496.73, and the other in favor of American on E.W.'s cross-complaint.

On June 27, 1997, E.W. filed a timely notice of appeal with the common pleas court, indicating that it was an appeal from the matter of *American Appliance v. E.W. Real Estate Management, Inc.* Attached to its notice of appeal was the notice of judgment on the complaint and the notice of judgment on the cross-complaint.[2] The notice of appeal further contained a praecipe to enter rule upon American to file a complaint. The appeal was docketed at No. 97–05007 and E.W. paid the $55.25 fee for filing a single notice of appeal.

1. We also granted allocatur to examine the effect, if any, that an improper district justice appeal has on an appellant's proceeding before the common pleas court. The procedural posture of the case prevents us from addressing this issue.

2. The "notice of judgment" is a written notice of the judgment in a case, which the district justice promptly gives or mails to the parties. The notice contains advice as to the right of the parties to appeal, the time within which the appeal must be taken, and that the appeal is to the court of common pleas. Pa.R.C.P.D.J. 324.

On July 23, 1997, American filed its complaint in the common pleas court, raising the same allegations as it did before the district justice. E.W. filed an answer, new matter and counterclaim, wherein it admitted to having received the merchandise, but asserted a set-off of $3,828.32 due to property damage caused to its building as a result of American's improper installation of a washing machine. American filed preliminary objections in the nature of a motion to strike E.W.'s counterclaim on the ground that it was the same claim asserted in E.W.'s cross-complaint filed in the district justice court.[3] American contended that because the district justice ruled in its favor on the cross-complaint and E.W. never appealed that judgment as is required by Pa.R.C.P.D.J. 1004, E.W. could not pursue the claim in common pleas court.

The common pleas court sustained American's preliminary objections and struck E.W.'s counterclaim solely on the ground that E.W. failed to preserve the claim asserted in its cross-complaint by failing to file a separate notice of appeal from that judgment. The matter proceeded to arbitration on American's breach of contract claim and the board of arbitrators entered an award in favor of American in the amount of $4,024.55. E.W. filed a notice of appeal in common pleas court. American subsequently filed a motion for judgment on the pleadings, alleging that E.W. failed to offer any defense to the complaint and the common pleas court had previously struck its counterclaim alleging a set-off. The common pleas court agreed and granted American's motion for judgment on the pleadings.

The Superior Court affirmed. Relying upon *Burr v. Callwood,* 374 Pa.Super. 502, 543 A.2d 583 (1988), *alloc. denied,* 520 Pa. 594, 552 A.2d 249, and *Borough of Downingtown v. Wagner,* 702 A.2d 593 (Pa.Cmwlth.1997), *aff'd,* 553 Pa. 452, 719 A.2d 742 (1998), the court held that when separate judgments on a claim and counterclaim are entered at the district court level, the rules require that the adverse judgment on the

---

**3.** As discussed, *infra,* American also alleged that E.W.'s appeal was defective because E.W. failed to file a complaint with respect to its cross-complaint in violation of Pa.R.C.P.D.J. 1004(A).

counterclaim be appealed separately in order to preserve the issues raised therein. The court went on to hold that the grant of judgment on the pleadings was proper, as there were no disputed allegations of material fact. It noted that E.W. offered no defense other than its assertion that it was entitled to a set-off due to an incident unrelated to the sales contract that was the subject of the complaint.

■■■ In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. *Lindstrom v. City of Corry,* 563 Pa. 579, 763 A.2d 394 (2000). A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. *Id.* As this appeal presents an issue of law, our review is plenary. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167 (1995).

The relevant rules for district justice cases provide as follows:

**Pa.R.C.P.D.J. 1002. Time and Method of Appeal**

A.  A party aggrieved by a judgment for money . . . may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the district justice. . . .

**Pa.R.C.P.D.J. 1004.   Filing Complaint or Praecipe on Appeal;  Appeals Involving Cross–Complaints.**

A.  If the appellant was the claimant in the action before the district justice;  he shall file a complaint within twenty (20) days after filing his notice of appeal.

B.  If the appellant was the defendant in the action before the district justice, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros.

C. When judgments have been rendered on complaints of both the appellant and appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within thirty (30) days after the date on which the appellant served a copy of his notice of appeal upon the appellee.

Pa.R.C.P.D.J. 1002 and 1004.

E.W. (the defendant/appellant below and the appellant before our Court) argues that these rules do not require an appellant to file separate notices to appeal judgments on both the complaint and cross-complaint. As to Rule 1002, it contends that the only requirement is the filing of "a" notice of appeal prescribed by the State Court Administrator along with a copy of the notice of judgment issued by the district justice. E.W. maintains that it satisfied this rule by attaching both notices of judgment to its single notice of appeal. It contends that Rule 1004.C is the only district justice rule that addresses appeals from multiple judgments. E.W. argues that Rule 1004.C clearly recognizes that an appellant may appeal *both* a judgment on a complaint and a judgment on a cross-complaint. It asserts that Rule 1004.C only requires a separate notice of appeal if the *appellee* wishes to appeal from judgment on the appellee's complaint and the appellant has not appealed that judgment. E.W. maintains that the requirement of two separate notices of appeal serves no purpose when the appellee has actual notice of the matters being appealed.

We find E.W.'s interpretation of the rules to be accurate, notwithstanding contrary language in *Borough of Downingtown v. Wagner* and *Burr v. Callwood.* Those decisions did not create the requirement of a second, separate notice of appeal on an independent theory, but based their conclusion on an interpretation of the rules at issue. In *Burr,* the Superior Court held that a defendant who files a counterclaim

in a district justice action does not properly preserve issues raised therein when he files an appeal to common pleas court from only the adverse judgment rendered against him on the complaint filed by the plaintiff.

Initially, we note that *Burr* is factually distinguishable as the appellant there did not attach the separate notices of judgment to his notice of appeal pursuant to Rule 1002. The Superior Court, however, based its conclusion on the ground that the defendant failed to file a separate notice of appeal from the judgment on his counterclaim. It reasoned that Rule 1004 treats the judgments entered on the complaint and cross-complaints as "separate judgments" and "makes no mention of any circumstances where a separate notice of appeal is *not* required." 543 A.2d at 586–87 (emphasis added).

The Commonwealth Court relied on *Burr* when it decided *Borough of Downingtown.* There, the Borough filed a complaint in district justice court against Thomas Wagner for unpaid sewer and refuse charges and late penalties and fees. Wagner filed a cross-complaint alleging that the borough's collection of late charges and penalties was usurious and unconstitutional and sought damages for past late fees assessed. The district justice entered two separate judgments—one in favor of the borough on the complaint and one in favor of the borough on Wagner's cross-complaint.

Wagner filed a single notice of appeal which indicated that he was appealing from *Borough of Downingtown v. Wagner* and *Wagner v. Borough of Downingtown.* Unlike the instant case, however, Wagner did not include a copy of both notices of judgment as is required by Rule 1002, nor did he include a praecipe to enter rule upon the borough to file a complaint. Wagner subsequently filed a complaint in common pleas court based upon his cross-complaint filed in district justice court. The common pleas court granted the borough's petition to strike the appeal of the judgment entered on the borough's complaint.[4]

---

4. This was the reverse of the situation in *Burr,* where it was held that the appellant properly appealed the judgment on the complaint, but improperly appealed the judgment on the cross-complaint.

The Commonwealth Court affirmed. It held that, based on *Burr* and the plain language of Rule 1004, Wagner was required to file two separate notices of appeal if he wished to appeal from the adverse judgments entered against him on the borough's complaint and his counterclaim. It held that because Wagner only appealed from the adverse judgment entered on his counterclaim, there was no obligation on the part of the borough to reassert its claim as a counterclaim because the judgment entered in its favor was final.

■ We find that the courts in *Burr* and *Borough of Downingtown* erroneously interpreted Rule 1004 as requiring separate notices of appeal when appealing district justice judgments on a complaint and cross-complaint. Rule 1004 implies that appeals may be filed from either the claim, counterclaim or both claims. There is no language, however, that expressly requires the filing of a *separate* notice of appeal when an appellant (as opposed to an appellee) appeals from judgments on a complaint and cross-complaint. E.W.'s attachment of notices of judgment from both the complaint and cross-complaint was sufficient to satisfy the requirements of Rule 1002 as to the method of appeal. Rule 1004 says nothing more about an appellant's obligation regarding the filling of such a notice.

Moreover, contrary to the lower courts' holdings, the rules do *not* treat actions on claims and cross-claims independently. First, we note that complaints filed by a defendant take the same docket number as the plaintiff's complaints. Pa. R.C.P.D.J. 306. A defendant may raise a claim before the district justice that does not even arise from the same transaction or occurrence from which the plaintiff's claim arose, Pa.R.C.P.D.J. 315(A), and a single hearing is held on all claims raised. Pa.R.C.P.D.J. 315(B). Also, there are not two different types of notices of appeal. The terms of the notice are dictated by the State Court Administrator and apply to situations involving appeals from either complaints or cross-complaints. Pa.R.C.P.D.J. 1002. Finally, the proceeding on appeal to the common pleas court is conducted de novo. Pa. R.C.P.D.J. 1007.

Additionally, we note that there are circumstances when only one judgment is entered on a complaint and cross-complaint. At the time of E.W.'s appeal, Pa.R.C.P.D.J. 315(C) provided that, "A money judgment for the plaintiff or for the defendant, *but not for both,* may be entered with respect to such cross-complaints, any lesser amount found due on the claim asserted in one being deducted from the greater amount found due on the claim asserted in the other." (Emphasis added).[5] Thus, had the district justice found in E.W.'s favor on the cross-complaint in any amount, only one judgment would have been entered. Under the lower court's reasoning, presumably only one notice of appeal would have been necessary, even if E.W. was appealing both the determination that it was liable to American pursuant to American's complaint and the amount of damages E.W. was entitled to from American on its cross-complaint. Our interpretation of the rules eliminates this inconsistent procedure.

We further note that district justice courts are intended to be readily available to the public for the expeditious resolution of minor disputes, many involving claims of little monetary value. Interpreting the rule to require preparation of a separate notice of appeal, along with the payment of an additional filing fee, does not serve the intended simplicity of district justice proceedings. *See* Explanatory Note to Pa. R.C.P. 301 (guiding policy of district justice rules is to provide uncomplicated framework for small claims procedure, realizing that members of the public using the system would be largely unrepresented by legal counsel).

We conclude that the trial court erred in striking E.W.'s counterclaim and granting American's preliminary objections on the ground that E.W. failed to file a second notice of appeal on its cross-complaint. The Superior Court subsequently erred in affirming the trial court's grant of American's motion for judgment on the pleadings on this basis. As American set

5.  Our Court subsequently amended the language of Rule 315 by changing "may" to "shall," to avoid any inconsistency in the entering of judgments on cross-complaints. Adopted December 15, 2000, effective January 1, 2001.

forth another basis in its preliminary objections, namely, that E.W. failed to file a complaint in accordance with Rule 1004A, we remand to the common pleas court for disposition of this remaining claim and for further proceedings consistent with this opinion.

Jurisdiction relinquished.