# Port Authority of Allegheny County v. Thornhill

C.P. of Allegheny County, no. AR00-5248.

*Colin Meneely* and *Terrance R. Henne,* for plaintiff.
*Emanuel J. Oakes Jr.,* for defendant.

WETTICK JR., *J.,* October 2, 2001—In this case, a district justice entered judgments in favor of Mr. Thornhill on a complaint which he filed and a cross-complaint filed by the Port Authority of Allegheny County (PAT). This opinion addresses the issue of whether a notice of appeal to which the appellant attached only one of the two adverse judgments entered by the district justice operates as an appeal from both district justice judgments.

This lawsuit arises out of an accident involving a PAT bus and Mr. Thornhill's motor vehicle. Mr. Thornhill filed a complaint with District Justice Tibbs at CV-164-00 to recover money for the damage to his motor vehicle. Thereafter, PAT filed a complaint with District Justice Tibbs at CV-164-00 to recover money for the damage to its motor vehicle.[1]

District Justice Tibbs entered separate judgments, both docketed at CV-164-00. He ruled in Mr. Thornhill's favor with respect to PAT's claim for property damage, and he awarded Mr. Thornhill $3,469.08 for the claim that he had raised in his complaint against PAT.[2]

---

1. Pa.R.C.P.D.J. no. 315A provides that the defendant, by filing his own complaint, may assert in the case any claim against the plaintiff which is within the jurisdiction of the district justice.

2. My office contacted District Justice Tibbs' office to confirm that this is what the record shows.

On August 15, 2000, PAT filed plaintiff's notice of appeal from district justice judgment. The notice of appeal identified PAT as the plaintiff and Mr. Thornhill as the defendant. PAT attached to its notice of appeal only the judgment entered in favor of Mr. Thornhill on PAT's complaint for property damage.

On November 1, 2000, Mr. Thornhill ruled PAT to file a complaint. On November 13, 2000, PAT filed a complaint in which it alleged that it had sustained property damage as a result of Mr. Thornhill's negligence. On March 27, 2001, a board of arbitrators entered the following award: "Award for defendant and against plaintiff."

On July 13, 2001, PAT presented a motion for stay of execution which is the subject of this opinion and order of court. In the motion, PAT alleges that Mr. Thornhill is attempting to execute on the district justice judgment of $3,469.08 entered on his claim against PAT. PAT contends that its appeal included both judgments entered in the district justice proceedings.

In 1990, in *Olczak v. Miller,* 138 Pitt. L.J. 121 (1989), I ruled that a notice of appeal which identified only the judgment on the appellant's complaint as the judgment from which the appeal was taken was not an appeal from a second judgment entered on a cross-appeal. This ruling governs the present case.

In that case, Mr. Olczak filed a complaint with the district justice to recover the value of a ring which he allegedly gave Ms. Miller in contemplation of a marriage that never took place. Ms. Miller filed a complaint with the same district justice at the same number to re-

cover the value of various items of personal property in Mr. Olczak's possession allegedly belonging to Ms. Miller.

The district justice entered a judgment for Ms. Miller on Mr. Olczak's claim against Ms. Miller and a judgment for Mr. Olczak on Ms. Miller's claim against him. The district justice mailed two notices of judgment to the parties. The first notice, which identified Mr. Olczak as the plaintiff and Ms. Miller as the defendant, stated that a judgment had been entered for the defendant. The second notice, which identified Ms. Miller as the plaintiff and Mr. Olczak as the defendant, stated that a judgment had been entered for the defendant.

Mr. Olczak filed a notice of appeal which identified Mr. Olczak as the plaintiff and Ms. Miller as the defendant. Thereafter, Mr. Olczak filed his complaint in which he sought to recover damages for the value of the ring. In her answer, Ms. Miller filed a counterclaim in which she sought to recover the value of the items that were the subject of the complaint that she had filed in the district justice proceedings. Mr. Olczak sought dismissal of the counterclaim on the ground that Ms. Miller had failed to file an appeal from the judgment entered against her by the district justice on her complaint. Consequently, Ms. Miller was barred from relitigating her claim under the doctrine of res judicata.

Ms. Miller contended that she was entitled to file her counterclaim because the appeal by Mr. Olczak operated as an appeal from both judgments entered by the district justice.

Pa.R.C.P.D.J. no. 1004C sets forth the procedure to be followed for appeals from district justice proceedings involving cross-complaints:

"When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within 30 days after the date on which the appellant served a copy of his notice of appeal upon the appellee."

This rule permits a party to appeal from a judgment on its complaint alone; thus, the filing of a notice of appeal cannot automatically operate as an appeal of every judgment entered by the district justice. For this reason, in *Olczak v. Miller,* I ruled that Ms. Miller was barred from pursuing her counterclaim because Mr. Olczak's notice of appeal was limited to the judgment entered against him on his complaint against Ms. Miller.

PAT relies on a recent ruling of the Pennsylvania Supreme Court in *American Appliance v. E.W. Real Estate Management Inc.,* 564 Pa. 473, 769 A.2d 444 (2001). In that case, American filed a complaint in a district justice court against E.W. to recover money for various household appliances which E.W. had purchased. E.W. filed a cross-complaint against American Management before the same district justice, alleging property damage arising from American's improper installation of a washing

machine. The complaint and cross-complaint were docketed at the same district justice number. The district justice entered separate judgments—one in favor of American on its complaint for $3,496.73 and the other in favor of American on E.W.'s cross-complaint.

E.W. filed a timely notice of appeal which identified the appeal as an appeal from the matter of *American Appliance v. E.W. Real Estate Management Inc.* It attached to its notice of appeal the notice of judgment on the complaint and the notice of judgment on the cross-complaint. The notice of appeal contained a praecipe to enter a rule upon American to file a complaint.

In its answer to American's complaint, E.W. filed a counterclaim. American contended that E.W. could not pursue the counterclaim because it had not filed a second notice of appeal.

Both the trial court and the Superior Court ruled in American's favor. Both courts stated that when separate judgments on a claim and counterclaim are entered, the applicable rules of procedure require that the adverse judgment on the counterclaim be appealed separately. These rulings were consistent with an opinion of the Pennsylvania Superior Court in *Burr v. Callwood,* 374 Pa. Super. 502, 543 A.2d 583 (1988), *alloc. denied,* 520 Pa. 594, 552 A.2d 249 (1988), which stated that a party appealing from two judgments must file two notices of appeal.

The Pennsylvania Supreme Court reversed. It concluded that nothing within the rules requires the filing of two notices of appeal; the district justice rules require

only the filing of a single notice of appeal together with copies of both notices of judgment issued by the district justice. See Pa.R.C.P.D.J. no. 1002A.

The holding of the Pennsylvania Supreme Court was as follows:

"Rule 1004 implies that appeals may be filed from either the claim, counterclaim or both claims. There is no language, however, that expressly requires the filing of a *separate* notice of appeal when an appellant (as opposed to an appellee) appeals from judgments on a complaint and cross-complaint. E.W.'s attachment of notices of judgment from both the complaint and cross-complaint was sufficient to satisfy the requirements of Rule 1002 as to the method of appeal. Rule 1004 says nothing more about an appellant's obligation regarding the filing of such a notice." *American* at 480, 769 A.2d at 448. (emphasis in original)

It appears that in *American Appliance* the court sought to construe the rules governing district justice proceedings "to provide [an] uncomplicated framework for small claims procedure, realizing that members of the public using the system would be largely unrepresented by legal counsel." [3] *Id.* at 481, 769 A.2d at 449. The reading of the rules to provide that the notice of appeal applies to those judgments described in the notice or notices of judgment attached to the notice of appeal fulfills this goal.

PAT may argue that because of the interrelationship between its claim and Mr. Thornhill's claim, it obviously intended for its appeal to cover both claims. However, a

---

3. See explanatory comment—1969 to Pa.R.C.P.D.J. no. 301.

526

ruling in PAT's favor based on what PAT must have intended would complicate the framework for small claims procedure. A party prevailing before the district justice that was not aware of this case law would not be likely to file a counterclaim in the common pleas court proceedings because this party would believe that it had already prevailed on its claim.[4] Consequently, the party that created the confusion by failing to attach both notices of judgment would benefit from its failure to comply with the rules.

For these reasons, I enter the following order of court:

### ORDER

On October 2, 2001, it is hereby ordered that plaintiff's motion to stay execution proceedings is denied.

---

4. While defendant's notice of intention to appear states that he intends to present a counterclaim, the award by the arbitrators makes no disposition of a counterclaim.