Randall METCALF, Appellee,

v.

Dennis J. PESOCK, Administrator of the Estate of Joseph W. Pesock, Jr., Appellant.

Superior Court of Pennsylvania.

Argued June 15, 2005.

Filed Oct. 12, 2005.

---

**540**

Donna Smith, Coudersport, for appellant.

Jeff Leber, Coudersport, for appellee.

BEFORE: DEL SOLE, P.J., TODD and PANELLA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from the order entering judgment on the pleadings in favor of Appellee in an action to set aside a deed Appellant[1] executed in his capacity as the decedent's attorney-in-fact. It is undisputed that Appellant, the decedent's husband, acting as the decedent's attorney-in-fact, made a gift of certain real property from the decedent to himself. Appellee, the decedent's son, claimed the durable power of attorney the decedent executed to Appellant did not give Appellant the authority to make such a gift. The trial court agreed, finding the language of the power of attorney document was not sufficiently specific to grant such power, but went on to allow that some language in the document was arguably sufficient to grant power to make a limited gift, which this property was not clearly shown to be. We affirm, but decline to go as far as the trial court did. We do not agree the power of attorney document contained language granting Appellant the authority to make gifts of any kind.

¶ 2 Our standard of review of the grant of a motion for judgment on the pleadings is limited. *American Appliance v. E.W. Real Estate Mgmt.*, 564 Pa. 473, 769 A.2d 444, 446 (2001). "A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. As this appeal presents an issue of law, our review is plenary." *Id.* (citations omitted).

¶ 3 The Pennsylvania legislature has set forth special rules for empowering an agent to make a gift through a power of attorney. They are, in relevant part, as follows:

§ 5601.2. Special rules for gifts

(a) GENERAL RULE.—A principal may empower an agent to make a gift in a power of attorney only as provided in this section.

(b) LIMITED GIFTS.—A principal may authorize an agent to make a limited gift as defined under section 5603(a)(2) (relating to implementation of power of attorney) by the inclusion of:

(1) the language quoted in section 5602(a)(1) (relating to form of power of attorney)[2]; or

(2) other language showing a similar intent on the part of the principal to empower the agent to make a limited gift.

(c) UNLIMITED GIFTS.—A principal may authorize an agent to make any other gift only by specifically providing

---

1. "Appellant" refers to Joseph W. Pesock, now deceased.

2. That section provides as follows: "(1) 'To make limited gifts.'" 20 Pa.C.S.A. § 5602(a)(1).

for and defining the agent's authority in the power of attorney.

20 Pa.C.S.A. § 5601.2.

¶ 4 It is undisputed that the power of attorney did not contain language which specifically empowered the attorney-in-fact to make a gift. Appellant argues, however, that language concerning his power with respect to real property constitutes "other language showing a similar intent on the part of the principal to empower the agent to make a limited gift," thus satisfying 20 Pa.C.S.A. § 5601.2(b)(2). The language is as follows:

> Power with Respect to Real Property. To purchase real property, to manage, maintain and alter all real property belonging to me, and to lease, sell, mortgage, encumber or otherwise dispose of all interests in real property belonging to me, upon such terms and conditions as my Attorney(s)–in–Fact deems appropriate....

Durable General Power of Attorney, 2/6/01, at 1.

¶ 5 Appellant points to the "otherwise dispose" language and claims that because the power is not restricted to real estate transactions "for-value," the language may be construed to empower the agent to make limited gifts. Appellant's Brief at 13. We disagree. The statute requires a showing of intent to empower the agent to make a limited gift. A limited gift, by statutory definition, is one made to a restricted class of permissible donees for a value limited to the annual exclusion from the federal gift tax permitted under the Internal Revenue Code. 20 Pa.C.S.A. § 5603(a)(2). It would be more than speculative to find from "otherwise dispose," sufficiently specific evidence of an intent on the part of the decedent to empower

Appellant to make a gift of real estate, but only with a limited value and to a limited class of donees. We decline to do so.

¶ 6 Further, Appellant's sole substantive citation to caselaw is to *In re Estate of Augustine,* 695 A.2d 836 (Pa.Super.1997), for the proposition that the general discretionary powers of the attorney-in-fact can support the power to make a gift. *Augustine* was a direct product of *Estate of Reifsneider,* 531 Pa. 19, 610 A.2d 958 (1992), which the legislature specifically overruled by the enactment of the above-cited statute. *See* 20 Pa.C.S.A. § 5601.2 Official Comment—1999 ("It is the intent of subsections (a), (b) and (c) to overrule [*Reifsneider* ] to the extent that [it] would permit an agent to make a gift under a power of attorney which does not specifically provide for that power. The purpose of these subsections is to provide that when the principal intends to authorize the agent to make a gift under the power of attorney, that authorization is specifically stated in the power of attorney.")

¶ 7 Accordingly, we find no error in the trial court's determination that Appellant was not empowered to make a gift where the power of attorney did not specifically delineate the statutorily required intent on the part of the decedent.

¶ 8 Order affirmed.