**Citibank (South Dakota) N.A. v. Strunk**

*Joan P. Depfer,* for plaintiff.
*Herbert P. Strunk III,* pro se.

ZULICK, *J.,* May 3, 2010—This case arises on appeal from a judgment in district court. Herbert Strunk III filed a civil action in district court against Sears Holding Corporation on March 27, 2009. He alleged that Sears Holding Corporation lowered his credit limit on his Sears credit card without notice, putting the limit below that of his existing balance, and charged him fees for being over his newly-lowered credit limit. He alleged that this damaged his credit score, and sought damages for his "time, aggravation and emotional turmoil." Complaint before District Court 43-1-01. Mr. Strunk also sought to have the balance due on his Sears credit card forgiven.

The Strunk Sears credit card was actually an account with Citibank. On May 29, 2009, Citibank filed a cross-claim against Strunk. On July 23, 2009, District Magisterial Judge Anthony D. Fluegel entered judgment in favor of Citibank on the cross claim in the amount of $5,294.54. The court found in favor of Sears Holding Corporation on Strunk's claim. On August 5, 2009, Strunk filed a notice of appeal from the July 23, 2009 judgment in favor of Citibank on Citibank's cross complaint. Citibank filed a complaint on August 27, 2009. On January 11, Strunk filed an answer, new matter and counterclaim asserting that Citibank was liable for breach of contract, defamation, and violations of the Fair Debt Collection Practices Act. Citibank filed preliminary objections to Strunk's counterclaims. The matter was scheduled for argument on April 5, 2010. Citibank was present and argued its position. Mr. Strunk was present but had not filed a brief. He was given leave to promptly file a brief. He filed a packet of documents that day.

## DISCUSSION

Before addressing the preliminary objections, Mr. Strunk's documents filed on April 5, 2010 need to be discussed. The documents could not be considered in the decision on preliminary objections because they did not contain discussion or argument. The packet included Strunk's pro se response to the complaint including affirmative defenses and counterclaims, which was filed on January 11, 2010, a Senate bill, and an article entitled "PA Debt Collection Law—Pitfalls in Pennsylvania." The court reviewed the documents provided by Mr.

Strunk but they did not address the issues presented by Citibank's preliminary objections.

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 638, 584 A.2d 403, 407 (1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Company v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Company v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719 (1996), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997).

The issues raised by Citibank are (1) a motion to strike the counterclaim for failure to conform to a law or rule of court because Strunk did not appeal the judgment against him in district court; (2) a demurrer for legal insufficiency of the breach of contract claim (3) failure to conform to law or rule of court in alleging breach of contract because a contract is not asserted (4) a demurrer

for legal insufficiency of the defamation claim and (5) a demurrer for legal insufficiency of the punitive damages claim.

### 1. *Motion To Strike the Counterclaim for Failure To Properly Appeal*

Citibank's first preliminary objection is a motion to strike the complaint for failure to conform to a law or rule of court pursuant to Pa.R.C.P. 1028(a)(2). Pennsylvania Rule of Civil Procedure 1028(a)(2) authorizes a party to challenge a pleading which fails to conform to law or rule of court by the filing of preliminary objections. Citibank contends that Strunk's counterclaim is predicated upon the same facts and claims which were pled in his complaint filed in magisterial district court. A zero judgment was entered in favor of defendant Sears Holding Corporation on that complaint. Citibank argues that Mr. Strunk did not appeal this judgment and therefore his counterclaims are barred.

Pa.R.C.P.D.J. 1002 provides that

"a party aggrieved by a judgment for money . . . may appeal therefrom within 30 days after the date of entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal . . . together with a copy of the notice of judgment issued by the district justice . . . ."

Pa.R.C.P.D.J. 1004(c) provides that

"When judgments have been rendered on complaints of both appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court

of common pleas by pleading it as a counterclaim if it can be properly pleaded in that court. If appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at anytime within 30 days after the date on which the appellant served a copy of this notice of appeal upon appellee."

"Rule 1004 implies that appeals may be filed from either the claim, counterclaim or both claims. There is no language, however, that expressly requires the filing of a *separate* notice of appeal when an appellant (as opposed to an appellee) appeals from judgments on a complaint and cross-complaint." *American Appliance v. E.W. Real Estate Managment Inc.,* 564 Pa. 473, 480, 769 A.2d 444, 448 (2001). (emphasis in original) Although separate notices are not required, the attachment of notices of judgment from both the complaint and cross-complaint is sufficient to satisfy the requirements of Rule 1002 as to the method of appeal. *Id.*

Mr. Strunk properly appealed the judgment entered against him in favor of Citibank on Citibank's complaint. He correctly attached the notice of judgment to the notice of appeal. However, when Strunk appealed, he only appealed the judgment in favor of Citibank on its complaint, not the adverse judgment on his complaint. He did not attach the judgment in favor of Sears Holding Corporation and only listed the case of *Citibank v. Herbert Strunk* on the notice of appeal. Citibank contends that his counterclaim is barred because he did not appeal the adverse judgment on his claim below.

Citibank contends that "all of the claims alleged against Citibank in Strunk's counterclaim are identical to those that he alleged in his prior magisterial district

justice (sic) action and which were fully and finally tried to judgment in favor of Citibank on July 23, 2009." Citibank brief, page 6. The problem with this argument is that Strunk did not sue Citibank before District Judge Fluegel. He sued Sears Holding Corporation. Citibank asserts that this was an error, and that he "improperly identified Citibank (South Dakota) N.A. as 'Sears Holding Corporation' in his suit." This may be true, however, no amendment was sought in the court below, and the judgment actually entered was in favor of Sears Holding Corporation, not Citibank. The Strunk suit may have been dismissed by Judge Fluegel because Strunk sued the wrong party. This preliminary objection will be denied.

## 2. Motion for a More Specific Pleading and Demurrer As to Count I of Strunk's Counterclaim

Citibank has filed several additional objections to Strunk's counterclaim. Strunk contends in Count I of the counterclaim that Citibank breached the parties' contract. However, Strunk's counterclaim does not identify the contract involved, Citibank's contractual duty, or the nature of the alleged breach of the contract. Pa.R.C.P. 1019(a) provides that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. 1019(a). A complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Santiago v. Pennsylvania National Mutual Casualty Insurance Company,* 418, Pa. Super. 178, 613 A.2d 1235 (1992).

Pa.R.C.P. 1019(h) also requires that the claim specify whether the parties' alleged agreement is oral or written. If it is written, Pa.R.C.P. 1019(i) provides that a copy must be attached to the complaint.

Citibank's request for a more specific pleading will be granted.

### 3. Citibank's Demurrer and Motion for More Specific Complaint As to Count II of Strunk's Counterclaim

Citibank has filed a demurrer to Count II of Strunk's counterclaim which is entitled "Defamation" but complains of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. The purpose of the FDCPA is, in part, "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). (emphasis added) In that regard, this statute "was designed to protect consumers from unscrupulous collectors whether or not there is a valid debt." *Baker v. G.C. Servs. Corporation,* 677 F.2d 775, 777 (9th Cir. 1982). Citibank contends that the FDCPA is inapplicable because it is a creditor not a debt collector. The FDCPA defines a "debt collector" as:

"[A]ny person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . ." 15 U.S.C. §1692a(6)

A plain reading of the statute reveals that generally, as a matter of law, "creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs. Inc.,* 147 F.3d 232, 235 (2d Cir. 1998). There is an exception to this general rule, if a creditor uses any name other than its own while trying to collect the debt, indicating that a third person is collecting or attempting to collect such debts, if it pretends to be someone else or uses a pseudonym or alias, or if it owns and controls the debt collector rendering it the creditor's alter ego. *Mazzei v. Money Store,* 349 F. Supp.2d 651, 659 (S.D.N.Y. 2004) (citing *Maguire,* 147 F.3d at 234-35).

Strunk's counterclaim fails to state a cause of action against Citibank pursuant to the FDCPA. Strunk does not dispute that Citibank is a creditor directly seeking to obtain payment of a debt owed to it. Counterclaim, ¶¶23, 30. Because the FDCPA expressly limits its application to debt collectors, not creditors, Strunk's claim against Citibank is not authorized by the FDCPA. The complaint does not allege that Citibank used any other name or alias in an attempt to collect the debt which is the subject of Citibank's claim.

Citibank also contends that Strunk's claim that it violated the Fair Credit Extension Uniformity Act, (FCEUA), 73 P.S. §2270.1 is preempted by federal law. Strunk contends in his counterclaim that Citibank "caused Strunk's credit report to 'appear' as though he overspent and exceeded his card limit." Counterclaim, ¶23. Citibank cites section 1681t(b)(1)(F) of the Fair Credit Reporting Act as preempting state law challenges falling within the FCRA's scope. This section was recently analyzed by the United States District Court for the

Middle District in *Sites v. Nationstar Mortgage LLC,* 646 F. Supp.2d 699, 712 (M.D. Pa. 2009) where the federal district court found that section 1681t(b)(1)(F) pre-empted state statutory claims. The *Sites* court found that "[t]o prevent the glut of cases in the federal courts that would result if every consumer could sue anytime he or she disputed the accuracy of furnished information, Congress wisely limited enforcement of this section to government agencies." See *Gordon v. Greenpoint Credit,* 266 F. Supp.2d 1007, 1011 (S.D. Iowa 2003); *Sites,* 646 F. Supp.2d at 704.

Two provisions in particular serve to shield furnishers of information from the threat of private suits: section 1681h(e), which provides qualified immunity from "proceeding[s] in the nature of defamation, invasion of privacy, or negligence," *id.* section 1681h(e), and section 1681t(b), which provides qualified immunity from proceedings "under the laws of any state." *Id.* at 704.

Strunk's defamation claim arises directly from the allegedly inaccurate credit reporting by Citibank. "As section 1681t now stands it may make common sense to read this exemption provision as applying to state statutory regulations that overlap with the FCRA rather than with state common-law torts which have elusive 'effective' dates." *Watson v. Trans Union Credit Bureau,* no. 04-205, 2005 WL 995687, at *8 n.8 (D.Me. April 28, 2005). Moreover, this interpretation sensibly "allow[s] for state-law torts to serve as a backstop to the FCRA enforcement scheme, only permitting prosecution of the most egregious violations of civil society." *Islam,* 432 F. Supp.2d at 193. *Sites,* 646 F. Supp.2d at 709. Strunk's statutory claim under the Fair Credit Extension Uniformity Act, 73 P.S. §2270 will be dismissed.

However, Strunk's common-law defamation claim is not preempted. Only credit reporting agencies or users of credit reports who have taken adverse action against the plaintiff based upon information in the plaintiff's credit report are exempted from suit by 15 U.S.C. §1681h(e). Because defendant is neither a credit reporting agency nor a user of a consumer report that denied, revoked, or refused credit with respect to the plaintiffs, §1681h has no application to the instant case. See *e.g., Islam,* 432 F. Supp.2d at 194 (finding 15 U.S.C. §1681h(e) "simply . . . not applicable" where the defendant mortgage servicer, "the alleged furnisher of the incorrect information," was neither "a credit reporting agency [, nor] sued in its capacity as a user of credit reports[, nor] alleged to have taken any adverse action against the [plaintiffs] based on information in the [plaintiffs'] credit report"); *Webb v. Bob Smith Chevrolet Inc.,* no. 04-CV-66, 2005 WL 2065237 at *5 (W.D. Ky. Aug. 24, 2005) (finding 15 U.S.C. §1681h(e) inapplicable where the defendant was "a user of consumer information," but there was "no allegation that [the defendant] took an adverse action against plaintiff"). *Sites,* 646 F. Supp.2d at 706.

## 4. *Citibank's Demurrer To the Defamation Claim for Insufficient Facts To Support the Claim*

Citibank also demurs to the counterclaim because Strunk has not alleged facts establishing the substance of the alleged defamatory communication, the identity of the individuals to whom the defamatory statements were published, or the dates of publication of the defamatory statements. Our Superior Court required a

defamation plaintiff to allege with particularity "the content of the oral or written statements claimed to have been made, the identity of the person or persons making those statements, the relationship of that person or persons to the defendant company and authority to act in behalf of the defendant company, the identity of the person or persons to whom the statements were made, and the relationship of that person or persons to the companies receiving the alleged communications." *Gross v. United Engineers and Constructors Inc.*, 224 Pa. Super. 233, 235, 302 A.2d 370, 371 (1973). This objection will be sustained and defendant will be required to file a more specific complaint.

## 5. *Citibank's Demurrer to Punitive Damages Claim*

Finally, Citibank contends that the complaint does not set forth a cause of action for punitive damages. Citibank correctly asserts that punitive damages are not recoverable on a breach of contract claim. *DiGregorio v. Keystone Health Plan East,* 840 A.2d 361, 370 (Pa. Super. 2003). Punitive damages may be requested in a defamation claim, but there must be an allegation of actual malice. The Pennsylvania Supreme Court has held that in order to award punitive damages to a private party plaintiff in a defamation suit, a jury must conclude that there was clear and convincing evidence that the defendant(s) acted with "actual malice." *Hepps v. Philadelphia Newspapers Inc.,* 506 Pa. 304, 485 A.2d 374 (1984), *reversed on other grounds,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986); *Bargerstock v. Washington Greene Community Action Corporation,* 397 Pa. Super. 403, 415, 580 A.2d 361, 366 (1990). Strunk makes

no allegation of actual malice in the complaint. Citibank's objection will be sustained.

## ORDER

And now, May 3, 2010, following consideration of the parties' arguments on plaintiff Citibank's preliminary objections, it is ordered as follows:

(1) Citibank's objection seeking a more specific complaint is granted. Plaintiff will be given leave to file a more specific amended complaint identifying whether the parties' complaint is oral or written and attaching a copy of their written agreement or an explanation of why it cannot be attached.

(2) Citibank's demurrer to Strunk's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. is sustained. This claim is dismissed.

(3) Citibank's demurrer to Strunk's claims under the Fair Credit Extension Uniformity Act, (FCEUA), 73 P.S. §2270.1 is sustained. This claim is dismissed.

(4) Citibank's request for a more specific pleading of plaintiff's defamation claim is granted.

(5) Citibank's demurrer to the demand for punitive damages for breach of contract is granted.

(6) Citibank's request for a more specific pleading of the claim for punitive damages in the defamation action is granted.

(7) All other preliminary objections are denied.

(8) Plaintiff is given leave to file an amended complaint within 20 days in accordance with this opinion.