J-A24014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALAN COHICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCELLA CARR | : | No. 1828 MDA 2017 |

Appeal from Orders Entered October 26, 2017 and November 16, 2017
In the Court of Common Pleas of Lycoming County
Civil Division at No(s):  17-1136

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 21, 2018**

Alan Cohick appeals from two orders entered in the Lycoming County Court of Common Pleas rejecting his belated attempt to appeal from a judgment of $12,000.00 issued by a magisterial district justice ("MDJ") in favor of Marcella Carr in the underlying landlord/tenant action.  The order entered October 26, 2017, denied Cohick's petition to reinstate his appeal and/or open the judgment, and granted Carr's motion to quash the petition. The order entered November 16, 2017, denied Cohick's petition to allow an appeal *nunc pro tunc* from the judgment.  For the reasons below, we affirm.

The underlying landlord/tenant dispute began as a claim for possession filed by the landlord, Cohick, against the tenant, Carr.  The action was docketed in the magisterial district court at Docket No. MJ-29101-LT-149-2017.  Carr subsequently filed a cross-complaint seeking money damages based upon, *inter alia*, Cohick's breach of the implied warranty of quiet

enjoyment and habitability. The cross-complaint was assigned a separate docket number, MJ-29101-CV-89-2017. A hearing on both claims was conducted by an MDJ on July 5, 2017. At the conclusion of the hearing, the MDJ found for Carr on both the claim of possession and the cross-claim for damages, and awarded her the jurisdictional limit of $12,000.00.

The trial court summarized the procedural history that followed:

The judgment on [Cohick's] claim for possession was entered on a form Notice of Judgment/Transcript – Residential Lease, and the judgment on [Carr's] cross-complaint for money damages was entered an a form Notice of Judgment/Transcript – Civil Case.

[Cohick] filed a Notice of Appeal on August 3, 2017, and attached a copy of the Notice of Judgment/Transcript – Residential Lease to that Notice of Appeal, and listed only docket number MJ-29101-LT-149-2017 on the form. The Notice of Appeal was docketed to Common Pleas docket number 17-1136. [Cohick] filled out the form "praecipe to enter rule to file complaint," asking that [Carr] be ruled to file a complaint, but the Prothontary did not issue a rule, presumably because such a rule is to be issued only when the defendant is the appellant and not when the plaintiff is the appellant; in that case, the plaintiff is to file a complaint within twenty days, not the defendant. Pa.R.C.P.M.D.J. 1005B.

[Cohick] did not file a complaint within twenty days and on August 24, 2017[, Carr] filed a praecipe to strike the appeal. The appeal was stricken that day.

On September 5, 2017, [Carr] filed a certified copy of the Notice of Judgment/Transcript – Civil Case (which shows entry of a judgment in her favor and against [Cohick] on her cross-complaint) entered to docket number MJ-29101-CV-89-2017, and a praecipe for entry of that judgment in the Court of Common Pleas. These documents were docketed to Common Pleas docket number 17-1311. Judgment [in the amount of $12,000.000] was entered that day, to that Common Pleas docket number.

Trial Court Opinion and Order, 10/26/2017, at 1-2.

On September 7, 2017, Cohick filed a petition to reinstate the appeal, in which he alleged, as good cause for the reinstatement, that he had appealed both judgments, and, therefore, his failure to file a complaint should have only had the effect of abandoning his appeal from the possession claim, not from the civil judgment on Carr's cross-claim. *See* Petition to Reinstate Appeal, 9/7/2017, at ¶ 17. Presumably, Cohick had not yet received a copy of the judgment when he filed the petition because, on September 15, 2017, he filed an amendment to the petition, requesting the court also open the September 5th judgment. *See* Amendment to Petition to Reinstate Appeal, 9/15/2017, at ¶ 5 (arguing Cohick has a "meritorious defense to the judgment"). On October 16, 2017, Carr filed a motion to quash the amendment, asserting Cohick never appealed the judgment at Docket No. MJ-29101-CV-89-2017. The trial court conducted a hearing on October 18, 2017. Thereafter, on October 26, 2017, the court entered an order and opinion denying Cohick's petition to reinstate the appeal, and granting Carr's motion to quash the amendment. *See* Trial Court Opinion and Order, 10/26/2017. Cohick subsequently filed two additional motions: (1) a motion for post-trial relief on November 6, 2017, and (2) a petition to allow appeal *nunc pro tunc* on November 7, 2017. The

court denied both motions on November 16, 2017,[1] and this timely appeal follows.[2]

Cohick raises two issues on appeal. First, he challenges the court's October 26, 2017, denial of his petition to reinstate his appeal of the $12,000.00 judgment. Cohick insists that under the rationale of the Pennsylvania Supreme Court's decision in *American Appliance v. E.W. Real Estate Management, Inc.*, 769 A.2d 444 (Pa. 2001),[3] the single notice of appeal he filed was sufficient to notify the court he intended to appeal both the claim for possession and the claim for money damages. *See* Cohick's Brief at 12. He asserts: "All of the information about the appeal required by the form notice of appeal for [R]ule 1002 was provided by attaching a judgment that contained both docket numbers, both captions, the disposition as to all

_____

[1] We note the court summarily denied Cohick's motion for post trial relief because there was no trial held in the common pleas court. *See* Order, 11/16/2017.

[2] The trial court did not direct Cohick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[3] In *American Appliance*, the Pennsylvania Supreme Court held the appellant preserved an appeal from an MDJ judgment on both a complaint and cross-complaint even though he filed only one notice of appeal. The Court found the appellant's "attachment of notices of judgment from both the complaint and cross-complaint was sufficient to satisfy the requirement of [Pa.R.C.P.M.D.J.] 1002 as to the method of appeal." *American Appliance*, *supra*, 769 A.2d at 448. Furthermore, in that case, both the complaint and cross-complaint had the same docket number. *See id.*

claims, the grand total judgment and the lengthy written opinion by magistrate as to both claims." *Id.* at 13.

Second, Cohick argues the trial court abused its discretion when it denied his petition to appeal *nunc pro tunc*, by failing to evaluate whether good cause existed to open the judgment, or a breakdown in the judicial system resulted in his failure to file a timely appeal. *See id.* at 15. He claims the court erroneously treated his petition to appeal *nunc pro tunc* as a "request for reconsideration of the denial of his petition to reinstate his appeal," rather than determining whether "good cause exists to allow the appeal." *Id.* Cohick further laments that while MDJ courts were created to provide "an easy avenue for pro se litigants to have their small claims heard[,]" the "procedural minefield for appeals … does not comport with the stated … goal[.]"[4] *Id.* at 17.

Upon our independent review of the record, the parties' briefs, and the relevant statutory and case law, we find the trial court thoroughly addressed and properly disposed of Cohick's claims on appeal in its orders filed on October 26, 2017, and November 16, 2017. *See* Opinion and Order, 10/26/2017, at 3-5 (holding (1) Cohick's notice of appeal listed only the docket number for the claim for possession and attached only the judgment

---

[4] We note Cohick filed the appeal from the MDJ judgment *pro se*, but has retained counsel for this appeal.

for that claim; (2) Cohick's failure to list the docket number of the cross-claim or attach the judgment on the civil case "caused the Prothonotary to believe, and rightly so, that [he] was appealing only the judgment on his claim [for possession;]"[5] (3) although the notice of judgment listed both judgments under its "Disposition Summary[,] … the fact that only one of those [docket] numbers was placed on the Notice of Appeal completely nullifies any significance that might otherwise be attributed to the fact that both judgments are noted on the document[;]"[6] and (4) the decision in *American Appliance* is distinguishable because "in that case the same docket number was assigned to both the claim and the cross-claim, and [in the present case, Cohick] did *not* attach both notices of judgment");[7] Order, 11/16/2017, at 1-2 (finding Cohick's reasons for requesting a *nunc pro tunc* appeal were the same as those rejected by the court when it denied his request to reinstate his appeal). Accordingly, we rest on the trial court's well-reasoned bases.

---

[5] Opinion and Order, 10/26/2017, at 3.

[6] *Id.* at 4.

[7] *Id.* at 4-5.

J-A24014-18

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2018

- 7 -

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

ALAN COHICK,
      Plaintiff

    vs.

MARCELLA CARR,
      Defendant

: NO. 17 - 1136
:
: CIVIL ACTION - LAW
:
:
: Petition to Reinstate Appeal
: Motion to Quash Amendment

## *OPINION AND ORDER*

Before the court is Plaintiff's Petition to Reinstate Appeal, filed September 7, 2017, Plaintiff's Amendment to that Petition, filed September 15, 2017, and Defendant's Motion to Quash that amendment, filed October 16, 2017. Argument on these matters was heard October 18, 2017.

On July 7, 2017, Magisterial District Judge Frey entered a judgment in favor of Defendant on Plaintiff's claim for possession, to docket number MJ-29101-LT-149-2017, and also entered a judgment in Defendant's favor on her cross-complaint for money damages, to docket number MJ-29101-CV-89-2017. The judgment on Plaintiff's claim for possession was entered on a form Notice of Judgment/Transcript – Residential Lease, and the judgment on Defendant's cross-complaint for money damages was entered on a form Notice of Judgment/Transcript – Civil Case.

Plaintiff filed a Notice of Appeal on August 3, 2017, and attached a copy of the Notice of Judgment/Transcript – Residential Lease to that Notice of Appeal, and listed only docket number MJ-29101-LT-149-2017 on the form. The Notice of Appeal was docketed to Common Pleas docket number 17-1136. Plaintiff filled out the form "praecipe to enter rule to file complaint", asking that Defendant be ruled to file a complaint, but the Prothonotary did not issue a rule,

presumably because such a rule is to be issued only when the defendant is the appellant and not when the plaintiff is the appellant; in that case, the plaintiff is to file a complaint within twenty days, not the defendant. Pa.R.C.P.M.D.J. 1005B.

Plaintiff did not file a complaint within twenty days and on August 24, 2017 Defendant filed a praecipe to strike the appeal. The appeal was stricken that day.

On September 5, 2017, Defendant filed a certified copy of the Notice of Judgment/Transcript – Civil Case (which shows entry of a judgment in her favor and against Plaintiff on her cross-complaint) entered to docket number MJ-29101-CV-89-2017, and a praecipe for entry of that judgment in the Court of Common Pleas. These documents were docketed to Common Pleas docket number 17-1311. Judgment was entered that day, to that Common Pleas docket number.

The instant Petition to Reinstate Appeal was filed September 7, 2017, but apparently Plaintiff had not yet received notice of the entry of judgment on the cross-complaint in the Court of Common Pleas. In his petition he explains that he did not file a complaint because he was appealing the judgment on Defendant's cross-claim (stating that he intends to abandon his original claim for possession) and thus Defendant should be the party to file a complaint; and also seeks a determination that his proof of service was adequate even though it did not indicate whether or how the Defendant was served with the Notice of Appeal.

The court assumes that Plaintiff filed the Amendment to Petition to Reinstate Appeal once he did receive notice of the entry of judgment on the cross-complaint, as he seeks "relief that the judgment entered by Defendant Carr on

2

R106a

September 5, 2017 be opened."[1] Plaintiff posits that if his petition is successful and the appeal is reinstated, that appeal would operate as a supersedeas, preventing entry of the judgment in the first place.

Defendant's Motion to Quash the amendment argues that Plaintiff has not filed an effective appeal of the judgment on the cross-claim and therefore the court has no jurisdiction to open the judgment.

Analysis of this procedural quagmire begins by noting that "[a] party who wishes to challenge the findings made in reaching the adverse judgment must file a notice of appeal from that judgment." Burr v. Callwood, 543 A.2d 583, 587 (Pa. Super. 1988). Therefore, in order to challenge the judgment entered by the magisterial district judge in Defendant's favor on her cross-claim, Plaintiff had to file a Notice of Appeal from that particular judgment. The Notice of Appeal he did file, however, listed only the docket number of the judgment on his claim for possession, and has attached to it only the Notice of Judgment/Transcript – Residential Lease entered with respect to that claim. The Notice of Appeal does *not* list the docket number of the judgment on Defendant's cross-claim *nor* does it have attached to it the Notice of Judgment/Transcript – Civil Case entered with respect to the cross-claim. These omissions caused the Prothonotary to believe, and rightly so, that Plaintiff was appealing only the judgment on his claim, and therefore to *not* issue the requested rule on Defendant to file a complaint.

---

[1] Because Plaintiff requested the opening of a judgment, the Prothonotary returned the document to Plaintiff after it was filed, indicating that he must pay $121.50 to file it. The filing date of September 15, 2017 was then crossed off the document and when it was returned with the filing fee, it was file-stamped October 18, 2017. Although there are two identical, seemingly original documents entitled "Amendment to Petition to Reinstate Appeal" in the file, one with only the September 15 file-stamp and one with both, the docket shows only the October 18 filing. As noted above, the judgment was entered on a separate docket and *not* on the docket to which the document was filed. Therefore, the Prothonotary should not have charged a fee for the filing and a refund of that charge will be directed. (The court does note that one cannot seek to open a judgment entered to one number by filing a petition to a different number, but in this case, that discrepancy does not factor into the denial of relief in any event.)

3

Further, these omissions caused Defendant to believe, again rightly so, that the judgment on her cross-claim had not been appealed and that she was thus free to seek to enter that judgment in the court of common pleas. Finally, these omissions caused the Magisterial District Judge to believe, again rightly so, that no appeal had been filed with respect to the cross-claim and therefore he certified the judgment on that cross-claim, allowing it to be entered in the court of common pleas.

Plaintiff seeks to un-do the dismissal of his appeal even though it was taken on only his claim for possession and he has now abandoned that claim, in order to have the court declare that the appeal actually has been taken on Defendant's cross-claim, which would require an additional step of un-doing the entry of judgment in the court of common pleas on that cross-claim, entered to a separate docket. He argues that he attached a copy of both judgments, presumably not because both are indeed attached, which they are not, but because the notice of judgment attached shows both judgments, under the heading "Disposition Summary". That Disposition Summary also shows the two separate MDJ docket numbers, however, and thus the fact that only one of those numbers was placed on the Notice of Appeal completely nullifies any significance that might otherwise be attributed to the fact that both judgments are noted on the document.

Plaintiff cites American Appliance v. E.W. Real Estate Management, Inc., 769 A.2d 444 (Pa. 2001), in which the Court held that a single notice of appeal was sufficient to appeal both a judgment on a claim and a judgment on a cross-claim because both judgments were attached to the notice of appeal. American Appliance does not assist Plaintiff in his quest, however, as in that case the same docket number was assigned to both the claim and the cross-claim, and further, in

4

R108a

the instant case, Plaintiff did *not* attach both notices of judgment. Under these circumstances, the court cannot declare that Plaintiff's Notice of Appeal served to appeal the judgment on Defendant's cross-claim.

Since it is clear that Plaintiff does not wish to appeal the judgment on his claim for possession, the court will not address whether that appeal should be reinstated.

As for the request to open the judgment, made in the amended petition for reinstatement, since the basis for opening is the asserted supersedeas, and without an appeal there is no supersedeas, the court will not open the judgment.

## ORDER

AND NOW, this 26ᵗʰ day of October 2017, for the foregoing reasons, Plaintiff's Petition to Reinstate Appeal is DENIED. Defendant's Motion to Quash the amendment is GRANTED. The Amendment to Petition to Reinstate Appeal is QUASHED.

The Prothonotary is directed to refund to Plaintiff, through his counsel, the $121.50 filing fee charged for the Amendment to the Petition to Reinstate Appeal on October 18, 2017.

BY THE COURT,

Dudley N. Anderson, Judge

cc:  Suzanne Fedele, Prothonotary
     David Raker, Esq.
     Wesley Speary, Esq.
     Gary Weber, Esq. (Lycoming Reporter)
     Hon. Dudley Anderson

5